JS 44 (Rev 06/17)

# CIVIL COVER SHEET

18-4708

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MATTHEW PERRI

### DEFENDANTS
GUARDIAN SOLUTIONS, INC.

**18  4708**

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
REGINALD ALLEN, ESQUIRE, 7601 CRITTENDEN STREET, F12
PHILADELPHIA, PA 19118, (215) 242-3875

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
AMERICANS WITH DISABILITIES ACT AS AMENDED

Brief description of cause:
DISABILITY DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
- DEMAND $ $151,000.00
- CHECK YES only if demanded in complaint
- JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 10/22/2018
SIGNATURE OF ATTORNEY OF RECORD: *Reginald Allen*

NOV -1 2018

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2310 S. 22ND STREET, PHILADELPHIA, PA 19145__

Address of Defendant: __1100 TOWN AND COUNTRY ROAD, STE. 1250, ORANGE, CA 92868__

Place of Accident, Incident or Transaction: __PHILADELPHIA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE __11-1-2018__   _/s/ Reginald Allen_   __77083__
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [X] 11. All other Federal Question Cases
      *(Please specify)* __EMPLOYMENT DISCRIMINATION__

**B. Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify)* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability — Asbestos
- [ ] 9. All other Diversity Cases
      *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Reginald Allen, Esq.__, counsel of record or pro se plaintiff, do hereby certify:

- [X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.
- [ ] Relief other than monetary damages is sought.

DATE __10/22/2018__   _/s/ Reginald Allen_   __77083__
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOV -1 2018

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Matthew Perri                                :     CIVIL ACTION
                  v.                         :     **18   4708**
Guardian Solutions, Inc.                     :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

10/23/18         Reginald Allen / Matthew Perri
**Date**         **Attorney-at-law**           **Attorney for**

(215) 242-3875   (267) 323-2031        reginald.allen080@comcast.net
**Telephone**    **FAX Number**         **E-Mail Address**

(Civ. 660) 10/02

NOV - 1 2018



IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW PERRI<br>2310 S. 22ND STREET<br>PHILADELPHIA, PA 19145<br>    PLAINTIFF,<br><br>V.<br><br>GUARDIAN SOLUTIONS<br>1100 TOWN & COUNTRY ROAD,<br>SUITE 1250<br>ORANGE, CA 92868<br>    DEFENDANT. | : CIVIL ACTION NO.  18  4708<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### JURISDICTION

1. This matter is brought pursuant to the Americans with Disabilities Act (ADA), the Americans with Disabilities Act as Amended (ADAA) and the Pennsylvania Human Relations Act (PHRA). Jurisdiction is based on 28 U.S.C. S 1331, 28 U.S.C. S 1343, and the aforementioned federal statutes. Jurisdiction is also based on diversity of citizenship pursuant to 28 U.S.C. S 1332 and the amount in controversy exceeds $75,000.00 (seventy five thousand dollars) exclusive of interests and costs.

## PARTIES

2. Plaintiff Matthew Perri (from hereinafter "plaintiff") is a resident of the Commonwealth of Pennsylvania and he resides at the address in the caption above.

3. Defendant, Guardian Solutions, Inc. (from hereinafter, "Guardian Solutions" or "defendant") is a corporation and/or other business which is based in California and has an address as indicated in the caption above; at times relevant to this complaint, defendant did substantial business in the Commonwealth of Pennsylvania.

## ADMINISTRATIVE AGENCY REQUIREMENTS

4. Plaintiff filed a charge of discrimination with the United States Equal Opportunity Commission (US EEOC) at charge number 480-2018-01732 which was requested to be cross filed with the Pennsylvania Human Relations Commission. Plaintiff received right to sue letter dated August 3, 2018, on/around August 8, 2018. (See Exhibit A).

## FACTUAL ALLEGATIONS

5. Plaintiff began working for defendant on/around June 2015 as a real estate appraiser.

2

6. Plaintiff received accolades for his work, to his recollection in 2015 and 2016.

7. Defendant is in the business of appraising real estate for the purpose of selling and buying it for profit.

8. At all times relevant to this action, plaintiff was qualified for his position, and he performed his duties in no less than a satisfactory manner.

9. Plaintiff is disabled and was at times relevant to the allegations in this complaint, as a result of suffering from Myasthenia Gravis; this disease is an auto immune disease which substantially affected plaintiff's ability to breath, walk and chew.

10. Plaintiff's Myasthenia Gravis can be controlled with medication, however it would take a period of time for that medication to become maximally effective.

11. As a result of plaintiff's disease referred to above, he had to be hospitalized approximately 6 times for around 3 days or longer in/around early 2017, which the employer was aware of; plaintiff would keep in touch with his supervisor in California, via cellphone.

12. For a period of time in early 2017, plaintiff was unaware of the cause of the symptoms referred to in paragraph 9 above, before he finally was diagnosed with Myasthenia Gravis.

13. As a result of his hospitalizations, plaintiff was temporarily unable to go out to do physical appraisals, which defendant was aware of, however, he was still able to stay within a reasonable target of defendant's quota for the number of appraisals he was asked to complete.

14. On April 7, 2017, plaintiff received a cell phone call from defendant, asking him how long he could be in the hospital, and plaintiff responded that he expected to be discharged within a few days.

15. On April 10, 2017, the day after plaintiff was released from the hospital, defendant called him and informed him that he was fired.

16. Plaintiff alleges that he was fired based on the fact that defendant knew that he was chronically ill and hospitalized as described above, and found out from plaintiff that he suffered a debilitating disease, which it did not wish to accommodate going into the future, in any manner.

17. Defendant refused to engage in any form of interactive process with

4

plaintiff, to determine if he would be able to work successfully going into the future and what if any reasonable accommodation he might need.

18. Defendant concluded that plaintiff would be a liability that it was not willing to undergo, based on his disability status.

19. As a result of his termination from employment, plaintiff suffered economic loss, and he also suffered severe emotional distress from being fired because he was disabled.

20. Plaintiff is disabled within the meaning of the ADA and the ADAA, based on his serious impairment (disease), Myasthenia Gravis.

21. Plaintiff could perform the essential functions of his job with and/or without reasonable accommodations.

22. Upon information and belief, defendant does not have in place any procedures to address the need to attempt to reasonably accommodate its employees who are or become disabled; or if it has any such policies, it does not abide by them.

## FIRST CAUSE OF ACTION – DISCRIMINATION BASED ON DISABILITY IN

## VIOLATION OF THE ADA AND ADAA

23. Plaintiff incorporates paragraphs 1-22 above as though fully set forth herein.

24. Defendant's acts described above, including his termination from employment were based on the fact that plaintiff is disabled.

25. Defendant refused to engage in an interactive process to see if it could accommodate plaintiff, if necessary, and any accommodation that it may have given, would not have created an undue hardship for it.

26. Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodations.

WHEREFORE, plaintiff requests judgment in his favor against defendant and he requests the following relief:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Punitive damages;

 e. Reasonable Attorney's Fees and Costs;

 f. Any Other Relief the Court Deems Appropriate;

SECOND CAUSE OF ACTION – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA) BASED ON DISABILITY DISCRIMINATION

27. Plaintiff incorporates paragraphs 1-26 above as though fully set forth herein.

28. Defendant's acts described above, constituted disability discrimination in violation of the PHRA.

WHEREFORE, plaintiff requests judgment in his favor against defendant, and he requests the following relief:

 a. Back pay;

 b. Front pay;

 c. Compensatory damages;

 d. Any Other Relief the Court Deems Appropriate.

Respectfully submitted,

*Reginald Allen* (signature)
Reginald Allen, Esquire

7